**SO ORDERED.**

**SIGNED this 14 day of January, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| CAREMERICA, INC., | 06-02913-8-JRL |
|     DEBTOR. | |
| | |
| JAMES B. ANGELL, TRUSTEE, | |
|     Plaintiff | ADVERSARY PROCEEDING NO. |
|     v. | L-08-00185-8-AP |
| ROSE HILL ENTERPRISES, LLC POWELL/RHOADES, LLC, POWELL PROPERTIES OF DURHAM COUNTY, LLC, RALEIGH ASSISTED LIVING, LLC, GRIFTON ASSISTED LIVING, LLC, GREENVILLE ASSISTED LIVING, LLC, ROCKY MOUNT ASSISTED LIVING, LLC, SUSAN W. SIMMS, THOMAS G. HUSVAR, BETH C. BURRELL, BST MANAGEMENT, LLC, PROVIDENCE CARE, LLC, AND ROBERT AND JULIA DIXON, | |
|     Defendants. | |

**ORDER**

The matters before the court are the motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, filed by all of the defendants except Robert and Julia Dixon.[1]  A hearing took place in Raleigh, North Carolina on December 14, 2009.

On September 15, 2006, Caremerica, Inc., Caremerica Adult Care, Inc., The Meadows of Hermitage, Inc., The Meadows of Fayetteville, Inc. and The Meadows of Wilmington, Inc. filed petitions for relief under chapter 11 of the Bankruptcy Code.  These cases were subsequently converted to cases under chapter 7.  On February 4, 2008, the court entered an order allowing the substantive consolidation of the cases and appointed James B. Angell as trustee.  The consolidated cases are administered under the case of Caremerica, Inc., Case No. 06-02913-8-JRL.

The trustee filed the complaint in this adversary proceeding on September 15, 2008, seeking to avoid and recover alleged preferential and fraudulent transfers.  On November 5, 2008 and November 14, 2008, the defendants filed motions to dismiss and to sever claims.  On July 28, 2009, the court entered an order directing the trustee to file a supplemental brief addressing issues raised by the motions to dismiss and to sever in light of the rulings made by the court in a related adversary proceeding, <u>Angell v. BER Care, Inc.</u>, Adv. Pro. No. L-08-00174-8-AP (Bankr. E.D.N.C. Jul. 23, 2009), addressing the heightened pleading standards for pleading under Rule 8(a) of the Federal Rules of Civil Procedure.  Instead of filing a supplemental brief, the trustee amended his complaint on August 27, 2009, and the instant motions to dismiss were filed.

---

[1] Though the Dixons filed a motion to dismiss the original complaint, they did not file a motion to dismiss the amended complaint, which is at issue here.

Until recently, the standard for determining a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure was governed by Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957), which provided that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Because the rules required only notice pleading, courts construed a plaintiff's allegations liberally.  Courts were to accept the plaintiff's factual allegations as true, drawing all reasonable inferences in the plaintiff's favor.  Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

However, the Supreme Court rejected the Conley standard in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007), instead holding that a complaint must include "enough facts to state a claim to relief that is plausible on its face."  The Court fleshed out this standard in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), holding first that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and second that "only a complaint that states a plausible claim for relief survives a motion to dismiss." 129 S. Ct. at 1949.  The allegations must be more than a "formulaic recitation of the elements" of a claim.  129 S. Ct. at 1951.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not  akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." 129 S. Ct. at 1949.[2]

---

[2] For a detailed analysis of Twombly and Iqbal, see Angell v. BER CARE, Inc. (In re Caremerica, Inc.), Adv. Pro. No. L-08-00174-8-AP (Bankr. E.D.N.C. July 23, 2009).

Prior to filing its petition, Caremerica, Inc. oversaw operations and maintenance for various assisted living facilities in North Carolina. The facilities in Grifton, Greenville, Raleigh and Rocky Mount were owned by defendant Rose Hill Enterprises, LLC, which leased the real estate and personal property to defendants Grifton Assisted Living, LLC, Greenville Assisted Living, LLC, Raleigh Assisted Living, LLC, and Rocky Mount Assisted Living, LLC, respectively. The facilities in Kinston, Greenville, and Wilson were owned by defendant Powell/Rhoades, LLC, which leased the real estate and personal property to debtor Caremerica Adult Care, Inc., The Meadows at Red Oak, Inc., and The Meadows at Wilson, Inc., respectively. The Durham facility was owned by C. Stephen Powell, Robin W. Powell, and Hazel H. Powell, who leased the real estate and personal property to Caremerica West, Inc. The lessees, all of which are related to the debtors, had agreements with Caremerica, Inc. to oversee operation of the facilities.

Though it is not clearly delineated in the amended complaint, it appears that all of the leases were terminated on or about April 30, 2006, and on May 1, 2006, Caremerica, Inc. agreed to terminate its management agreements with Raleigh Assisted Living, LLC, Rocky Mount Assisted Living, LLC, Grifton Assisted Living, LLC, and Greenville Assisted Living, LLC. Immediately upon termination of the leases, Rose Hill entered leases with defendant BST Management, LLC ("BST") for the Raleigh and Greenville facilities, Powell/Rhoades entered leases with BST for the Kinston, Red Oak (Greenville) and Wilson facilities, and Powell Properties entered a lease with BST for the Durham facility. At the same time, Rose Hill entered into a lease with defendant Providence Care, LLC for the Rocky Mount facility, and entered a lease with defendants Robert and Julia Dixon for the Grifton facility.

The trustee's first cause of action alleges that the debtors' termination of its lease with Powell/Rhoades for the Kinston facility, and the termination of the debtors' management agreement, were fraudulent transfers because the debtors received insufficient or no consideration in exchange for the termination of the lease and the management rights. According to the complaint, the debtors agreed to terminate the agreements in exchange for a new lease of the Goldsboro facility operated by the debtors and a reduction in rent for the Fayetteville facility operated by the debtors, but neither of these events occurred. Unlike the elusive management rights for the facilities not leased by the debtors, discussed below, the Kinston lease (and possibly the management rights that may have gone with the lease) is a clearly identified property right that may have had some value to the debtors. The trustee has stated a plausible claim for relief with respect to the alleged fraudulent transfer of the Kinston lease to Powell/Rhodes.

The trustee's second cause of action alleges that the debtors' termination of management rights for the other facilities were transfers of interests of the debtors in property for less than reasonably equivalent value while the debtors were insolvent, and thus are avoidable fraudulent transfers. The problem with this cause of action is that there is no allegation of any written agreement giving the debtors the management rights for the various facilities, nor is there any allegation of an agreement as to the term of those rights. Thus, there is no clearly delineated property interest that has allegedly been transferred, and there are insufficient facts to state a claim to relief that is plausible on its face and the second cause of action will be dismissed.

The complaint also alleges that Thomas Husvar, Beth Burrell, and Susan Simms were employees of the debtors, and that each tendered his or her resignation in April 2006 to take effect prior to April 30, 2006. According to the complaint, Mr. Husvar, Ms. Burrell, and Ms. Simms

5

formed BST Management, LLC on April 13, 2006, for the purpose of owning and operating assisted living facilities. The complaint also alleges that prior to April 13, 2006, these defendants had conversations with the defendant landlords regarding the termination of the leases and management contracts and re-leasing them to Mr. Husvar, Ms. Burrell, and Ms. Simms or an entity to be formed by them. Further, on May 1, 2006, BST Management entered into leases with Rose Hill for the Raleigh and Greenville facilities, with Powell/Rhoades for the Kinston, Red Oak and Wilson facilities, and with Powell Properties of Durham for the Durham facility.

The trustee's third cause of action alleges that the transfers of the debtors' management rights were made for the benefit of the various defendants on account of antecedent debt, and that the transfers are avoidable preferences. Though the trustee alleges that Powell/Rhoades was owed rent, that Ms. Simms was owed $469,600 by Caremerica, Inc., and that Mr. Husvar and Ms. Burrell were owed funds by Caremerica both for money loaned and for money owed to their business, Employer Services, Inc., there is no allegation or evidence that the transfers of the management rights in any way extinguished or reduced the debts owed to these defendants or were made on account of those debts. The trustee also alleges that defendants Rocky Mount Assisted Living, Raleigh Assisted Living, Grifton Assisted Living, and Greenville Assisted Living released the debtors from any and all claims arising out of the management agreements when the management agreements were terminated, but there is no allegation that there was any antecedent debt owed that was satisfied by the release. Because one of the essential elements of § 547, antecedent debt, is missing, the trustee's third cause of action must be dismissed.

The fourth cause of action contends that Rose Hill, Mr. Husvar, Ms. Burrell, Ms. Simms, BST Management, Providence Care, and Robert and Julia Dixon are the mediate transferees of the

fraudulent transfers made to the landlord and lessee defendants. Because the complaint failed to state a claim for the initial fraudulent transfer, there can be no claim for the mediate transfer. Accordingly, the fourth cause of action will be dismissed.

Finally, the trustee's fifth cause of action is a claim for breach of fiduciary duty as to defendants Mr. Husvar, Ms. Burrell and Ms. Simms. The complaint alleges that these defendants met with the landlords and arranged for their company to lease and operate the facilities prior to the termination of the leases and management agreements, while they were employed by the debtors. If this is true, the trustee has made a plausible claim that these defendants misappropriated property or corporate opportunities of the debtors. Though Mr. Husvar and Ms. Burrell contend that they were never employed by the debtors, the complaint does allege that they were employees. The complaint does state a claim for breach of fiduciary duty, and if there is uncontroverted evidence that Mr. Husvar and Ms. Burrell were not employed by the debtors, they may raise that issue in a motion for summary judgment.

Based on the foregoing, the motions to dismiss the first cause of action and the fifth cause of action in the amended complaint are **DENIED**, and the motions to dismiss the second, third, and fourth causes of action as to the moving defendants are **ALLOWED**. Pursuant to Rule 7012(a) of the Federal Rules of Bankruptcy Procedure, defendants Powell/Rhoades, Husvar, Burrell, and Simms shall have 14 days from the date of this order to serve a responsive pleading to the amended complaint.

**END OF DOCUMENT**